IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA HUMPHRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  22-1306 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| PITTSBURGH TECHNICAL COLLEGE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motion to Dismiss (Doc. 7) will be granted.

Broadly construed, Plaintiff alleges that her 2016 dismissal from Defendant's nursing program was racially motivated.  Although not specified in the Complaint, the Court agrees with Defendant that Title VI and Section 1981 are two potential avenues for a former student to advance federal race discrimination claims against an institution of higher education.[1]  But the statute of limitations for Title VI and Section 1981 is two and four years, respectively.  *See* Def's Br. (Doc. 7) at (citing binding authority).  Because Plaintiff did not file this lawsuit until 2022—

---

[1]  Plaintiff may also have viable state law claims under the Pennsylvania Human Relations Act and the Pennsylvania Fair Education Opportunities Act.  But because the Court will dismiss with prejudice the federal claims, it "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original, citation to quoted source omitted).  Those considerations are absent here, and—to the extent that any may present—they fall well short of the "extraordinary circumstances" warranting an exercise of supplemental jurisdiction.  Bright v. Westmoreland Cty., 380 F.3d 729, 751 (3d Cir. 2004).

*i.e.*, over six years after her 2016 dismissal—any plausible federal claims are untimely.[2] And this deficiency cannot be cured by amendment.

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendant's Motion to Dismiss (**Doc. 7**) is **GRANTED**, the **federal claims** are **DISMISSED WITH PREJUDICE** and any viable **state-law claims** are **DISMISSED** without prejudice to refiling in an appropriate state-tribunal. This case shall be marked **CLOSED**.

**IT IS SO ORDERED**.

June 21, 2023                                                             s/Cathy Bissoon
                                                                          Cathy Bissoon
                                                                          United States District Judge

cc (via ECF email notification):
All counsel of record

cc (via First-Class U.S. Mail):
Kayla M. Humphries
260 Watson Boulevard #3
Pittsburgh, PA 15214

---

[2] Nor has Plaintiff satisfied the requirements to equitably toll the limitations period. *See* Cunningham v. M & T Bank Corp., 814 F.3d 156, 160 (3d Cir. 2016) ("[E]quitable tolling can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances.").